UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>CARMELO MALDONADO )<br>RODRIGUEZ, )<br>    Defendant. )<br>) | No. 25-cr-116-JJM-AEM |

MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Court Chief Judge.

The question presented is whether the Court should dismiss the indictment brought against Defendant Carmelo Maldonado Rodriguez with prejudice or without prejudice. Finding that any future court proceedings against Mr. Maldonado Rodriguez would be fundamentally unfair and against the public interest, the Court dismisses the indictment with prejudice, for the reasons stated below.

I. BACKGROUND

The Government initially charged Mr. Maldonado Rodriguez via complaint with Illegal Entry after Deportation in violation of 8 U.S.C. § 1326(b)(1). ECF No. 3.[1] At his initial appearance on October 8, 2025, the Magistrate Judge held a detention hearing, heard argument from Mr. Maldonado Rodriguez and the Government, and

---

[1] The parties filed the briefing at the beginning of this matter under C.A. No. 1:25-mj-60-AEM, but later relevant filings, including the indictment, have been filed under the related criminal matter number C.A. No. 1:25-CR-00116-JJM-AEM. Unless otherwise specified, citations to refer to the docket in 1:25-mj-00060-AEM.

released Mr. Maldonado Rodriguez on conditions of release under the Bail Reform Act, 18 U.S.C.A. § 3142. *See* Minute Entry for Initial Appearance on October 8, 2025.

Significantly, at his initial appearance, Mr. Maldonado Rodriguez exercised his right to have a preliminary hearing that the Court scheduled for October 29, 2025, a date agreed to by the parties at the initial appearance. On October 8, a Writ of Habeas Corpus Ad Prosequendum issued with the hearing notice commanding the Government to produce Mr. Maldonado Rodriguez for his October 29 preliminary hearing. ECF No. 10.

At the preliminary hearing, counsel was present, but Mr. Maldonado Rodriguez was not because the Government had deported him from the United States. Defense counsel stated that the Government notified her of the deportation only two days before the scheduled preliminary hearing. ECF No. 16 at 2. The Government said it was prepared to move forward with the preliminary hearing, but Mr. Maldonado Rodriguez's counsel objected to going ahead without Mr. Maldonado Rodriguez present. When the Court raised its concern about the inability to hold the preliminary hearing, the Government expressed its intention to seek an indictment against Mr. Maldonado Rodriguez, despite his deportation.

The Magistrate Judge did not proceed with the preliminary hearing, but ordered briefing on "whether the Magistrate Judge can hold a preliminary hearing where [the Defendant] is not present because the government deported him; and, if that hearing cannot be held, whether [the Defendant] is entitled to have the Magistrate Judge dismiss the complaint for lack of probable cause because the

government prevented the preliminary hearing." *See* Minute Entry for Preliminary Hearing on October 29, 2025.

In the briefing, Mr. Maldonado Rodriguez's counsel argued that he has an "absolute right to be present at his preliminary hearing" under the Rules of Criminal Procedure and that the Court must dismiss the complaint with prejudice because the Government has not established probable cause due to its own prevention of Mr. Maldonado Rodriguez's appearance. ECF No. 16 at 3-4. In response, the Government noted that all Circuits that have considered the issue have determined that Immigration and Customs Enforcement ("ICE"), an agency of the United States Department of Homeland Security, has authority to remove defendants regardless of the pendency of a federal criminal case. ECF No. 17 at 4.

Then, on November 5, 2025, 28 days after his initial appearance, the grand jury returned a single-count indictment charging Mr. Maldonado Rodriguez with Illegal Reentry After Deportation, 8 U.S.C. § 1326(a)(1) and (2). ECF No. 16.

Both Mr. Maldonado Rodriguez and the Government now move to dismiss the indictment, although one seeks dismissal with prejudice, and one seeks it without. ECF Nos. 19, 20.

## II. DISCUSSION

### A. Fed. R. Civ. P. 48(a)

Under Federal Rule of Criminal Procedure 48(a), the Government "may, with leave of court, dismiss an indictment, information, or complaint." The "leave of court" requirement vests the Court with discretion to decide whether dismissal is warranted

3

and "advances two objectives: (1) protecting defendants against prosecutorial harassment and (2) ensuring that any dismissal is not contrary to the public interest." *United States v. Guimaraes*, No. 1:25-cr-10129-JEK, 2025 WL 1899046, at *2 (D. Mass. July 9, 2025).

If the Court is to grant leave to dismiss an indictment, the question then becomes whether it should be with or without prejudice. The legal analysis that leads the Court to decide whether the dismissal of Mr. Maldonado Rodriquez's indictment should be with or without prejudice is largely left to the discretion of the district judge. "Customarily Rule 48(a) dismissals are without prejudice and permit the government to reindict within the statute of limitations." *United States v. Raineri*, 42 F.3d 36, 43 (1st Cir. 1994) (citing *United States v. Matta*, 937 F.2d 567, 568 (11th Cir. 1991)). That said,

> [D]ismissal with prejudice may be appropriate if retrial would be fundamentally unfair or would constitute harassment. In assessing whether a Rule 48(a) dismissal should be with or without prejudice, courts have generally looked to the same principles that motivate the leave of court requirement, including whether dismissal without prejudice is in the public interest. Relevant factors may also include (1) the purpose of the government's dismissal, (2) the presence or absence of good faith, and (3) the objective effect that dismissal without prejudice would have on the defendant. In all events, the inquiry is case specific, and no one factor is required for a court to conclude that dismissal with or without prejudice is warranted.

*Guimaraes*, 2025 WL 1899046, at *3 (cleaned up).

### B. Right to Preliminary Hearing

Federal Rule of Criminal Procedure 5.1 guarantees a defendant's right to have a preliminary hearing when charged in federal criminal court by complaint with an

offense other than a petty offense. A defendant may waive the hearing. Fed. R. Crim. P. 5.1(a)(1). If a defendant opts to exercise this right, the preliminary hearing must be held no later than 14 days after the initial appearance if the defendant is in custody and no later than 21 days if not in custody; the magistrate judge may extend the time limits under certain limited circumstances. Fed. R. Crim. P. 5.1(c), (d).

At the preliminary hearing, the defendant has the right to counsel and to cross-examine adverse witnesses and may introduce evidence on his own behalf. Fed. R. Crim. P. 5.1(e), 44(a). If, after the hearing, the magistrate judge determines that there is not probable cause to support that the offense has been committed by the defendant, she must dismiss the complaint and discharge the defendant. Fed. R. Crim. P. 5.1(f). This dismissal is without prejudice and "does not preclude the government from later prosecuting the defendant for the same offense." *Id.*

The right of federal criminal defendants to a preliminary hearing "to determine whether there is probable cause to believe that an offense has been committed and that the arrested person committed it" is also guaranteed by statute. 18 U.S.C. § 3060(a). Pursuant to statute, "an arrested person who has not been accorded the preliminary examination" within the required time "shall be discharged from custody or from the requirement of bail or any other condition of release, without prejudice, however, to the institution of further criminal proceedings against him upon the charge upon which he was arrested." *Id.* § 3060(d).

The preliminary hearing is a critical stage in the judicial process—"a screening device, designed to provide an early judicial check on whether the prosecutor has

5

sufficient evidence to send the case forward to trial." Charles Wright & Andrew Leipold, *Federal Practice and Procedure* § 91, at 248 (4th ed., 2008). It is also an important preliminary hurdle that the Government must overcome for a defendant to remain detained or bound by conditions of release pending trial. *See* 18 U.S.C. § 3060(d).

As shown by the travel of this case, it appears that when defendants have ICE detainers, the only way to ensure that they can exercise their right to a preliminary hearing is to allow the Court to detain them—typically by reserving their right to argue for bail. While defendants are in court-ordered detention, ICE does not have custody of them and cannot remove them from the United States, and they will be transported to Court to attend their preliminary hearings to test the Government's proof of their charges. If defendants argue for and secure release under the Bail Reform Act, then they are subject to the ICE detainer and find themselves in ICE custody or out of the United States and therefore unable to attend their preliminary hearings.

That said, a return of the indictment constitutes a finding of probable cause and thus obviates the right to a preliminary hearing under both the statutory framework and the Federal Rules of Criminal Procedure. 18 U.S.C. § 3060(e); Fed. R. Crim. P. 5.1(a)(2). Courts have also stated that whether a defendant was denied a preliminary hearing—and his right to any remedy therefore—is typically mooted by an indictment. *See, e.g.*, *United States v. Williams*, 526 Fed. Appx. 29, 36 (2d Cir. 2013); *United States v. Smith*, 22 Fed. Appx. 137, 138 (4th Cir. 2001). In some

6

circumstances, however, Courts have found that a failure to hold a preliminary hearing within the required timeframe calls for dismissal of the pending indictment. *See United States v. Vaughn*, C.A. No. 20-803 (KM), 20-78, 2020 WL 5902614, at *3 (D.N.J. Oct. 5, 2020) (dismissing indictment and vacating detention order after the Government misstated the reasons it was seeking, and later received, a continuance of the preliminary hearing, because "[r]equiring the government, at a minimum, to start over seems just and proportionate; it should not enjoy any advantage as a result of its conduct").

### C.  Speedy Trial

Both the United States Constitution and federal statute guarantee a defendant's right to a speedy trial. The Sixth Amendment to the United States Constitution mandates: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed[.]" U.S. CONST. amend. VI. The Speedy Trial Act "commands that a defendant be tried within 70 days of the latest of either the filing of an indictment or information, or the first appearance before a judge or magistrate [judge]." *United States v. Barnes*, 159 F.3d 4, 9 (1st Cir. 1998) (quoting *Henderson v. United States*, 476 U.S. 321, 322 (1986); *see* 18 U.S.C. § 3161(c)(1)). "The sanction for failure to adhere to this time limit is severe—the indictment is dismissed on motion of the defendant." *Id.* (citing 18 U.S.C. § 3162(a)(2)). The speedy trial right "is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation[,] and

to limit the possibilities that long delay will impair the ability of an accused to defend himself." *United States v. Ewell*, 383 U.S. 116, 120 (1966).

### D.    With Prejudice or Without Prejudice

Not every case in which a defendant has been deported during the pendency of his criminal case automatically warrants dismissal without prejudice. *See Guimaraes*, 2025 WL 1899046, at *4 ("[A]bsent indications that the Executive Branch has acted in bad faith or that dismissal without prejudice would conflict with the public interest, deportation of a defendant during a criminal prosecution typically does not warrant dismissal of the indictment with prejudice."); *cf. United States v. Castillo*, 537 F. Supp. 3d 120, 131 (D. Mass. 2021) (cautioning that although restraint of the court's supervisory power dictates dismissal without prejudice in this case, "if ICE continues a practice of removing defendants without regard to ongoing criminal proceedings, such restraint is likely to not be warranted."). Many courts have, however, considered the specific facts of the criminal prosecution and deportation proceedings and determined that dismissal with prejudice is appropriate,[2] and the

---

[2] *See, e.g., United States v. Tamup-Tamup*, C.R. No. 25-cr-0066-MSM-PAS, 2025 WL 2662293, at *2 (D.R.I. Sept. 17, 2025) (dismissing indictment with prejudice when Government opted to deport defendant only after he claimed his right to proceed to trial); *United States v. Lopez*, 587 F. Supp. 3d 835, 845 (S.D. Iowa 2022) (dismissing indictment with prejudice because defendant's deportation violated his Sixth Amendment right to a speedy trial); *United States v. Escobedo-Molina*, 790 F. Supp. 3d 1283, 1288 (D.N.M. 2025) (dismissing information with prejudice because "[t]ime and time again the Government has initiated a prosecution (at the behest of the Department of Homeland Security (DHS)), only to turn around within days and deport the defendant while the charges are pending and thereby necessarily imperil the defendant's Fifth Amendment, Sixth Amendment, and Speedy Trial Act rights."); *United States v. Ferreira-Chavez*, Case No. 1:20-cr-00145-BLW, 2021 WL 602822 (D. Idaho Feb. 12, 2021) (dismissing indictment with prejudice where defendant "has

Court finds that given the circumstances at play here, the same outcome is warranted.

First, it was the United States Government that caused Mr. Maldonado Rodriguez's unavailability and his inability to timely confront and defend against the charge against him in the criminal complaint or the charge against him in the indictment. As to the criminal complaint, he was entitled to a probable cause hearing where the Government would have to put forward sufficient evidence to proceed, and the Court scheduled one at his initial appearance. The Government did not object to scheduling the preliminary hearing and purportedly was fully intending to pursue its criminal case and make its probable cause showing. Nevertheless, once Mr. Maldonado Rodriguez was released under the Bail Reform Act, the Government reversed course and opted to deport him before his preliminary hearing, so he was unable to have one. Despite knowing he had been deported, the Government still presented the case to the grand jury. Due to the Government's actions, Mr. Maldonado Rodriguez was not here in the United States to face the charge in the

---

already been deported" and "[h]is constitutional and statutory rights have been and will continue to be violated."); *United States v. Munoz-Garcia*, 455 F. Supp. 3d 915, 918 (D. Ariz. 2020) (dismissing indictment with prejudice because defendant's deportation violated her Sixth Amendment right to counsel); *United States v. Castro-Guzman*, No. CR-19-2992-TUC-CKJ (LCK), 2020 WL 3130395, at *6 (D. Ariz. May 11, 2020) (dismissing indictment with prejudice because the defendant, who was removed to Mexico, continued to suffer violations of his right to counsel and speedy trial and those violations were "due solely to the actions of the Government"); *United States Lutz*, No. CR-19-00692-001-TUC-RM (BGM), 2019 WL 5892827, at *5 (D. Ariz Nov. 12, 2019) (dismissing with prejudice based on violation of right to counsel and "to promote respect for the BRA and to deter ICE and the U.S. Attorney's Office from continuing to engage in turf battles in lieu of inter-agency cooperation").

9

indictment and remains fundamentally unable to stand trial. As it stands, Mr. Maldonado Rodriguez is facing an "indefinite delay" in his ability to have a trial and were the Government not now moving to dismiss the charges, a Sixth Amendment and Speedy Trial Act violation "would have been a certainty." *Escobedo-Molina*, 790 F. Supp. 3d at 1291-92.

Second, the Government's actions denied Mr. Maldonado Rodriguez his right to a preliminary hearing. Statute and rule guarantee the right of federal criminal defendants to a preliminary hearing "to determine whether there is probable cause to believe that an offense has been committed and that the arrested person committed it." 18 U.S.C. § 3060(a); *see also* Fed. R. Civ. P. 5.1. The Government ignored the Court's writ ordering it to make Mr. Maldonado Rodriguez available for the preliminary hearing when it opted to deport him before the hearing date. The Government's action here gives Mr. Maldonado Rodriguez a fundamentally unfair Hobson's choice—either remain detained by the Court so that he could have his preliminary hearing, or be released by the Court, only to have the Government (ICE) remove him from the country, thus denying him of his right to a preliminary hearing. Does our justice system require people to give up their liberty to exercise a basic right to confront a charge and test the Government's evidence? Is that in the public interest? Certainly not. The Court is also concerned that when the Magistrate Judge questioned the impact of Mr. Maldonado Rodriguez's deportation on his right to a preliminary hearing, the Government expressed that it would be seeking an indictment seemingly to moot the important question the Court was asking.

10

Third, the situation leaves the Government holding all the cards and Mr. Maldonado Rodriquez none. The Government has conducted its investigation of the alleged crime, gathered all the evidence it needs to show probable cause, arranged for witnesses, and was prepared to go ahead with the prosecution. Mr. Maldonado Rodriguez, on the other hand, is denied the ability to timely investigate the charges, find witnesses, and prepare his defense because of the actions of the Government. One of the reasons we cherish the right to a speedy trial in this country is that it ensures that the Court affords the defendant equal footing as the Government at litigating the case. The Government had within its sole control a choice—either prosecute Mr. Maldonado Rodriguez or deport him—and "their choice has consequences," namely, the end of their ability to pursue this prosecution. *Tamup-Tamup*, 2025 WL 2662293, at *2.

Finally, dismissing without prejudice would not be in the public interest. The Government presented the case to the grand jury after the required timeframe for putting on their showing of probable cause had lapsed and knowing full well that Mr. Maldonado Rodriguez was no longer in the country to answer on the charges. Shortly thereafter, the Government sought to dismiss the charges. This type of manipulation, and waste of the Court's and taxpayers' resources, is not in the public interest and should not result in a do-over by the Government at the expense of Mr. Maldonado Rodriguez and the public, and "[d]eterring such conduct through a dismissal with prejudice is consistent with this Court's duty to safeguard the public interest." *See Guimaraes*, 2025 WL 1899046, at *4.

### III.   CONCLUSION

For all these reasons, individually and collectively, the Court finds here that to protect Mr. Maldonado Rodriguez against fundamental unfairness and prosecutorial harassment, ensure that the dismissal is not contrary to the public interest, and safeguard the public interest, Defendant's Motion to Dismiss With Prejudice (ECF No. 19) is GRANTED and the Government's Motion to Dismiss Without Prejudice (ECF No. 20) is DENIED.  The Court DISMISSES the Indictment WITH PREJUDICE.

IT IS SO ORDERED.

*s/John J. McConnell, Jr.*

_____
JOHN J. MCCONNELL, JR.
Chief Judge
United States District Court

January 12, 2026